IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL McFIELD                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:11CV673-DPJ-FKB

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY                              DEFENDANT

consolidated with

MICHAEL MCFIELD                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:12cv236-DPJ-FKB

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY                              DEFENDANT

ORDER

This Title VII wrongful-discharge case is before the Court on Defendant's Amended Motion to Quash Subpoena to Appear and Testify at Trial [96].[1] Plaintiff Michael McField concedes the motion as to the subpoena issued to Troy Moses but contests it as those issued to three other officers. The Court finds that the motion should be denied except as conceded.

I.      Background

McField filed this action and originally claimed that the Mississippi Department of Public Safety ("DPS") transferred and then fired him because of his race and in retaliation for protected activity. The Court later granted summary judgment on all but McField's race-based-termination claim. Two pretrial conferences followed, and the matter is now set for trial June 2, 2014. In preparation for trial, McField caused subpoenas to be served on the following Mississippi Highway Patrol ("MHP") officers on the dates indicated: Michael Purnell (April 18, 2014),

---

[1]The original motion [94] is deemed moot.

Calvin Ousby (October 1, 2013), and Johnny DeLaney (September 28, 2013). DPS now moves to quash.

II.     Analysis

Federal Rule of Civil Procedure 45(d)(3)(iv) governs this motion and states in relevant part that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden."[2] DPS invokes the rule arguing that because the three witnesses possess no relevant information, calling them would be an undue burden. Def.'s Mot. [96] at 2. For his part, McField claims DPS lacks standing to pursue the motion, that it is untimely, and that DPS fails to offer a legitimate basis for quashing the subpoenas under Rule 45. This order skips the timeliness issue and focuses on the balance of McField's response.

A.     Standing

McField argues that DPS lacks standing to pursue this motion. Pl.'s Resp. [97] at 1 (citing 9A Charles Alan Wright et al., *Federal Practice and Procedure* § 2463.1 (3d ed. 2008)). DPS disagrees, but offers no authority for its position. *See* Def.'s Reply [98] at 4–5. The Fifth Circuit addressed a similar issue in *Brown v. Braddick*, where a party sought an order quashing a subpoena duces tecum issued to a nonparty. 595 F.2d 961, 967 (5th Cir. 1979). The court held that the movant lacked standing because the subpoenaed individual failed to join in the motion to quash and the movant had "not alleged any personal right or privilege with respect to the materials subpoenaed." *Id*. The Court has some reservation whether this analysis applies neatly to trial subpoenas, but DPS has offered no legal argument to the contrary. Regardless, DPS's

---

[2] Before the 2013 amendments to Rule 45, this provision was found in Rule 45(c).

motion fails for other reasons.

  B.  Substantive Argument

DPS asserts that the MHP officers might have information relevant to the transfer and retaliation claims, but those claims were dismissed.  Accordingly, the argument goes, the testimony is irrelevant and the witnesses should not be forced to appear.  Def.'s Mot. [96] at 2 (citing Fed. R. Civ. P. 45(c)(3)(A)(iv)).  In other words, calling the witnesses when the testimony is inadmissible amounts to an undue burden.  Of course, Rule 45 says nothing of relevance, and the MHP officers have not indicated that they would be unduly burdened if forced to unnecessarily appear.  But even assuming DPS can properly move on this basis, the testimony is not so obviously irrelevant that the subpoenas should be quashed.

McField represents that the MHP officers will offer testimony regarding the termination claim.  In particular, he asserts that the officers will "provide opinion testimony regarding racism of the decision-maker, Michael Berthay. . ." which will relate to "Defendant's pattern and practice regarding minority employment."  Pl.'s Resp. [97] at 2.  This position raises two issues: (1) the admissibility of opinion testimony regarding discriminatory intent, and (2) the relevance of discriminatory acts against coworkers.[3]

Starting with the opinion testimony, Rule 701 of the Federal Rules of Evidence allows a lay witness to offer an opinion provided it is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue."  Fed.

---

[3] As discussed below, the description of the potential testimony is sketchy, but the legal authority that has been offered addresses Rule 701 opinions as to the motive for an employment decision, which is different from the abstract opinion that someone is a racist.  Testimony regarding the latter will raise serious issues under Rules 403 and 404—as well as 701—that the parties will need to address.

R. Evid. 701(a)–(b).  The Fifth Circuit examined Rule 701 in the employment-discrimination context in *Hansard v. Pepsi-Cola Metropolitain Bottling Co.*, where a coworker, Miller, testified that the plaintiff was not rehired because of his age.  865 F.2d 1461 (5th Cir. 1989).  Miller had no first-hand knowledge regarding the disputed employment decision, but he was familiar with the defendant's "hiring policy and its general corporate youth movement . . . ."  *Id*. at 1465–66.  The Fifth Circuit observed that "[c]ourts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances."  *Id*. at 1466.  And though it was admittedly hesitant, the Fifth Circuit found no abuse of discretion in allowing the testimony.  *Id*. at 1467.

The same court appeared less hesitant in *Haun v. Ideal Industries Inc.*, where it affirmed the decision to allow lay testimony that the employer was "phasing out older workers."  81 F.3d 541, 548 (5th Cir. 1996).  The coworker's testimony stood because it was "based on his perception [drawn from personal observations] and helped the jury determine whether [the employer] discriminated."  *Id*.  But the opposite occurred in *Hester v. BIC Corp.*, where the Second Circuit found error in the admission of insufficiently supported lay-opinion testimony.  225 F.3d 178 (2nd Cir. 2000).  Thus, this type of testimony can be admitted, but it must be properly supported.

As for pattern evidence, "evidence concerning an employer's 'general policy and practice with respect to minority employment' 'may be relevant to any showing of pretext.'"  *Vance v. Union Planters Corp.*, 209 F.3d 438, 445 (5th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05 (1973)).  Even when different decisionmakers are involved, the evidentiary question is "fact based and depends on many factors . . . ."  *Sprint/United Mgmt. Co.*

*v. Mendelsohn*, 552 U.S. 379, 388 (2008). In sum, the evidence is not "*per se* admissible or *per se* inadmissible." *Id*.

The record before the Court is too sparse to weigh these factors. DPS can only speculate what the witnesses might say, and McField resists saying more, claiming it would invade his "mental processes."[4] Given the posture, the Court is not willing to decide whether it will allow any of the purported testimony, but it cannot categorically rule out the possibility that a proper foundation could be laid. Of course, the real question is whether the officers will be unduly burdened if they do not ultimately testify, and none have made that claim. In light of the Fifth Circuit's caution against "blanket evidentiary exclusions" in Title VII cases, *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 359 (5th Cir. 1995), the motion is denied.[5]

III.   Conclusion

Defendant's motion to quash [96] is denied as to the subpoenas served on Officers Purnell, Ousby, and DeLaney and granted as conceded as to the subpoena served on Officer Moses.

**SO ORDERED AND ADJUDGED** this the 28th day of May, 2014.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE

---

[4] By failing to reveal more, McField will in all likelihood be forced to make a proffer at trial and incur avoidable delay.

[5] DPS argues that no evidence related to the transfer would be admissible, including the tape recordings of McField asking local law-enforcement officers to work vehicular accidents he was tasked with handling. Def.'s Reply [98] at 4. The Court may be somewhat confused on this point because DPS appears to list the recordings as exhibits and discusses the incident at length in its portion of the proposed pretrial order. If the incident regarding local law-enforcement is admissible, then Officer DeLaney's testimony regarding the practice would be relevant for this additional purpose.